GARWOOD, Circuit Judge,
dissenting in part:
While I agree with much of what is said in Judge DeMoss’s opinion, in my view we should not render judgment but should rather remand for the district court to reconsider the matter.
The district court found that the government’s intentional delay was initially legitimate, a conclusion with which I agree and which Judge DeMoss’s opinion does not dispute. The district court also correctly found that as time went on this justification dissipated. However, the district court never fixed any even approximate period after which the justification was no longer valid. Such a determination, it seems to me, is a function of both the mere passage of time and of the government’s efforts to apprehend Plou, Martinez and Cabello. As to Plou, the district court made no specific finding whether the failure to post his name on Customs’ “Look *492 Out” system before September 1, 1999 was negligent and what the delay likely would have been had this been accomplished with reasonable promptness (Plou was apprehended when he entered after that posting but not when he entered in October 1996 and July 1999). As to Martinez and Ca-bello, the district court was not aware until after sentencing that the warrants for these defendants had not been properly posted.
The majority appeal's to treat the entire delay from the return and sealing to the unsealing of the indictment as the proper yard-stick by which to determine presumed prejudice under Doggett. But Doggett itself considered only the unjustifiable portion of the delay for that purpose. Id. 505 U.S. 647, 112 S.Ct. 2686 at 2694, 120 L.Ed.2d 520. In my view, there is no plain error in the district court’s finding that not all the delay was unjustifiable.* That court should, in the first instance, determine what portion of the delay was unjustifiable and apply Doggett accordingly, subject to appropriate review by this court should either party appeal.

 We review the district court's application of the relevant factors for clear error. United States v. Lucien, 61 F.3d 366, 371 (5th Cir.1995).